```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


GEORGE L. GRIFFITH,              )
                                 )
     Plaintiff,                  )
                                 )
vs.                              )  CIVIL ACTION NO. 06-0014-KD-B
                                 )
JO ANNE B. BARNHART,             )
Commissioner of Social Security, )
                                 )
     Defendant.                  )
```

**REPORT AND RECOMMENDATION**

Plaintiff George L. Griffith ("Plaintiff") brings this action seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq., and 1381 et seq. Oral argument was held on October 23, 2006. Upon careful consideration of the administrative record, oral argument and the memoranda of the parties, it is hereby **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings not inconsistent with this decision.

**I.   Procedural History**

On May 20, 2003 and June 9, 2003, Plaintiff protectively filed an application for disability insurance benefits and supplemental security income, respectively, alleging that he has been disabled since March 15, 2003, due to problems with his back, feet, ankles,

shoulders, legs, hearing, eyesight and his nervous condition.[1] (Tr. 25-27, 67-69, 86, 262-264). Plaintiff's application was denied at the initial level, and upon reconsideration. (Id. at 27-31). Plaintiff then filed a timely Request for Hearing before an Administrative Law Judge ("ALJ"). (Id. at 32, 119-120, 265-270). On July 8, 2004 and February 24, 2005, Administrative Law Judge David Murchison ("ALJ Murchison") held administrative hearings which were attended by Plaintiff, his representative and a vocational expert. (Id. at 271-311). On July 5, 2005, ALJ Murchison entered a unfavorable decision finding that Plaintiff is not disabled because he can perform other work existing in the national economy in significant numbers. (Id. at 12-24). Plaintiff's request for review was denied by the Appeals Council ("AC") on December 15, 2005. (Id. at 5-7, 10). Thus, the ALJ's decision became the final decision of the Commissioner under 20 C.F.R. § 404.981. The parties agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

**II.   Issues On Appeal**

A.   Whether the ALJ erred by failing to properly evaluate Plaintiff's severe mental impairments?

---

[1] The medical records reflect chronic mechanical lower back pain, polyarthritis-polyarthralgic secondary to degenerative disc disease ("DDD") of the lumbar spine, osteoarthritis of the left and right knees, degenerative joint disease ("DJD"), hypertension, chronic obstructive pulmonary disease ("COPD"), depression secondary to general medical condition, and postraumatic stress disorder ("PTSD").

**III. Factual Background**

Plaintiff was born on December 16, 1949, and was 54 years old at the time of the first administrative hearing. (Tr. 25, 67, 86, 263). He has an 11th grade education and past relevant work ("PRW") as an auto parts salesman. (Id. at 90-91, 93, 121, 128, 280-281, 296, 303). Plaintiff testified that he is treated by the VA for physical problems, and that his medications have included Ibuprofen, Advil, Tylenol, and "non-aspirin," as needed. (Id. at 103, 122, 127). He also testified that he believes he has depression; however, he has not sought any treatment for depression. (Id. at 302-303). Plaintiff indicated that he left his last job due to physical, not emotional, problems. (Id. at 309). According to Plaintiff, his physical problems prevent him from working, loud noises bother him, and that while he has friends, he stays by himself most of the time. (Id. at 295-296, 298-299, 301-302). Plaintiff reported that he spends his days watching television and trying to clean house, and that he drinks alcohol "[f]or the nerves." (Tr. 275-276).

**IV. Analysis**

    **A.   Standard of Review**

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied.

Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).[2]  A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner.  Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986).  The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding that substantial evidence is defined as "more than a scintilla but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion[]").  In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision.  Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. Lexis 10163 (S.D. Ala. 1999).

**B.  Discussion**

An individual who applies for Social Security disability benefits must prove her disability.  20 C.F.R. §§ 404.1512, 416.912.  Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

---

[2] This Court's review of the Commissioner's application of legal principles is plenary.  Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 404.1505(a), 416.905(a).  The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven her disability.  20 C.F.R. §§ 404.1520, 416.920.[3]

In case sub judice, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (Tr. 23-24). The ALJ concluded that while Plaintiff has the severe impairments of DDD of the lumbar spine, osteoarthritis of the left and right knees, DJD, hypertension, COPD, depression

---

[3]The claimant must first prove that he or she has not engaged in substantial gainful activity.  The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience.  If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work.  Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; (4) the claimant's age, education and work history. Id. at 1005.  Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history.  Sryock v. Heckler, 764 F.2d 834 (11th Cir. 1985).  If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled.  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).  See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

secondary to general medical condition and PTSD, they do not meet or medically equal the criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Regulations No. 4. (Id.) The ALJ determined that Plaintiff possesses the residual functional capacity ("RFC") to perform medium work, but is unable to perform any of his past relevant work ("PRW"). (Id.) The ALJ concluded that while Plaintiff's RFC precludes him from returning to his PRW, there is other work in the national economy that he can perform, and thus, he is not disabled within the meaning of the Act. (Id.)

Plaintiff contends that the ALJ erred by failing to properly evaluate Plaintiff's mental impairments because he failed to either attach a Psychiatric Review Technique Form ("PRTF") or use the special technique of Sections 404.1520a and 416.920a to evaluate same, such that remand is required under Moore v. Barnhart, 405 F.3d 1208, 1213-1214 (11th Cir. 2005). In Moore, the Eleventh Circuit held that where the ALJ failed to complete the PRTF and further failed to comply with its mode of analysis, the case had to be remanded. Id. In rejecting the Commissioner's assertion that the ALJ's omission amounted to harmless error, the Court noted that the ALJ had failed to analyze the claimant's condition in two of the required areas, namely social functioning and prior episodes of decompensation. Id. at 1214. See also e.g. Selassie v. Barnhart, Slip Copy, 2006 WL 2990105, *1 (9th Cir. Oct. 20, 2006) (providing that "one of the stated purposes for the 'special technique' is to

help the Social Security Administration '[o]rganize and present [its] findings in a clear, concise, and consistent matter.'  20 C.F.R. § 404.1520a(a)(3).  The specific documentation requirements, therefore, are not mere technicalities that can be ignored as long as the ALJ reaches the same result that it would have if it had followed those requirements[]").

For mental disorders, severity is assessed in terms of the functional limitations imposed by the impairment.  20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders.  Functional limitations are assessed using the criteria in paragraph B of the listings for mental disorders (activities of daily living, social functioning, concentration, persistence, or pace and the ability to tolerate increased mental demands associated with competitive work).  Id.  The Commissioner employs a special technique to ensure that ALJ's obtain, consider, and properly evaluate all evidence needed to evaluate mental impairment severity.  Id.  The technique must be used at each level of the administrative review process when a claimant has alleged a mental impairment.  20 C.F.R. §§ 404.1520a, 416.920a.  The technique requires the ALJ to rate the degree of mental functional limitation in the four areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation."  20 C.F.R. §§ 404.1520a(c)(3-4), 416.920a(c)(3-4).  The first three categories must be ranked on a five point scale ranging from none, mild,

moderate, marked and extreme.  Id.  The last category will be ranked on a four point scale ranging from none, one or two, three to four or more.  Id.  The ALJ must document the application of this technique and make specific findings as to how the claimant rates in the four functional areas listed above.  20 C.F.R. §§ 404.1520a(e), 416.920a(e).

In their brief, the Commissioner acknowledges that the ALJ did not explicitly rate Plaintiff's degree of functional limitation in the areas of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. (Doc. 10 at 9).  According to the Commissioner, the rating was done by Dr. Hinton and Dr. Smith, and to a lesser degree by Dr. Davis, and the ALJ implicitly incorporated these findings into his decision; thus, he properly evaluated the impact of Plaintiff's mental impairments as required by the Eleventh Circuit case law and the applicable regulations. (Id. at 8-9).

Following a careful review of the ALJ's decision, the undersigned must reject the Commissioner's contention.  While the ALJ acknowledged that a special procedure is to be followed in evaluating mental impairments (Tr. 18), his decision does not evidence that he evaluated Plaintiff's mental impairments pursuant to the required technique.  Thus, while the ALJ discussed the various findings of four of the doctors who examined Plaintiff, namely Drs. John W. Davis, Ph.D, C.E. Smith, M.D., Joseph G. Law,

Jr., Ph.D, and Sue Ann Garrison, Ph.D, it is simply not clear from his decision what conclusions he reached regarding Plaintiff's functional limitations in the four areas listed above. For instance, in his decision, the ALJ noted that Dr. Davis opined that Plaintiff got along poorly with others, Dr. Law found that Plaintiff had marked limitations in his ability to maintain social functioning, and Dr. Garrison suggested that Plaintiff had moderate difficulties in social functioning. (Tr. 19-20). While the ALJ assigned little weight to Dr. Law's findings, he did not rate Plaintiff in the area of social functioning, nor did he indicate whether he determined that Plaintiff had any functional limitations in this area. The same holds true with respect to the other areas in which the ALJ was required to rate Plaintiff. In fact, a searching review of the decision fails to reveal any discussion regarding the area of episodes of decompensation.

The Commissioner's contention, that the ratings done by Donald Hinton, Ph.D. and Dr. Smith suffice in the absence of clear findings by the ALJ, is without merit. While the record reflects that Dr. Hinton reviewed Plaintiff's medical records - in which he opined that he was mildly limited in maintaining social functioning, concentration, persistence and pace, was mildly limited in his ability to engage in activities of daily living and had no episodes of decompensation (Tr. 199-212) - the ALJ did not reference Dr. Hinton's findings in his decision nor give any

indication that he was adopting his findings. With respect to Dr. Smith, the ALJ noted that Dr. Smith's recitation of Plaintiff's activities of daily living appeared to be consistent with the remainder of the record; however, the rest of his report was "not helpful." (Tr. 19). In view of such, the Commissioner's contention, that the ratings done by Dr. Hinton and Dr. Smith suffice in the absence of clear findings by the ALJ, must be rejected. The undersigned also rejects the notion that the ALJ's failure to follow the technique was harmless because the technique is designed to assist in developing a complete assessment of a claimant's mental capabilities and thus helps to determine the "functional consequences of the mental disorder(s) relevant to . . . [the complainant's] ability to work." 20 C.F.R. §§ 404.1520a(a)(2), 416.920a(a)(2). Accordingly, the undersigned recommends that this case be reversed and remanded to the Commissioner of Social Security for further consideration in light of Moore v. Barnhart, 2005 WL 831674 (11th Cir. 2005). See, e.g., Pratt v. Barnhart, CV 04-000657-P-C (S.D. Ala. May 9, 2005).

**V.   Conclusion**

The undersigned Magistrate Judge recommends the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), see Melkonyan v. Sullivan, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **27th** day of **October, 2006.**

                                                **/s/SONJA F. BIVINS**
                                           **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    **/s/SONJA F. BIVINS**
    **UNITED STATES MAGISTRATE JUDGE**